## Levick's Estate.

*Jurisdiction, O. C.—Real property in other jurisdictions.*

It is a well established rule of law that the disposition or alienation of real estate is governed by the law of the place where the property is situated. The Orphans' Court of Philadelphia County, therefore, is without jurisdiction to make a decree authorizing or restraining the trustees under the will of a deceased resident of Philadelphia from making conveyance of real estate in New Jersey in violation, as alleged, of their duties to the trust.

Petition and answer. O. C. Phila. Co., Oct. T., 1921, No. 565.

*Bruce A. Metzger*, for petitioner; *Edmund Bayly Seymour, Jr.*, for trustees.

GUMMEY, J., Dec. 23, 1921.—This testator in the year 1915 purchased certain premises at Ventnor, New Jersey, consisting of a lot of ground with a cottage erected thereon; subsequently, in 1916, he purchased an unimproved lot adjoining, and the question which we are asked to decide is whether the testator intended to include the unimproved lot in the following devise:

"Third, I give and devise to my wife, Mary Emma Levick, my cottage and plot of ground on which it is erected at Ventnor, New Jersey, in fee simple."

The testator was a resident of Philadelphia County, Pennsylvania; his last will was duly probated in this jurisdiction, and letters testamentary thereon granted to the executors therein named, whom the will also appointed as trustees of so much of the residuary estate as the testator bequeathed in trust.

The matter comes before us upon petition of a *cestui que trust* interested in the residuary estate, averring that the trustees are about to convey their interest in the lot to the above named devisee, Mary Emma Levick, for the sum of $1, and praying that they be perpetually restrained from executing a deed therefor, &c., to which the trustees made answer admitting these allegations, and praying "that they may be hence dismissed from this action."

Why the trustees should voluntarily assume a responsibility not imposed upon them by the will and be willing to convey the lot for a nominal consideration, without having the question whether it is included in the devise first determined by a court of competent jurisdiction, does not appear. Certainly the question admits of considerable doubt, and should it ultimately be held that the lot passed under the residuary clause of the will, the trustees would

subject themselves to a surcharge. If the land were in Pennsylvania, the boundaries of the plot conveyed by the devise could be determined by an application to this court under section 34 *(a)* of the Fiduciaries Act of June 7, 1917, P. L. 447, and perhaps the laws of the State of New Jersey contain a similar provision; but it is a well established rule of law that the disposition or alienation of real property is governed by the law of the place where the property is situated, and no order which we might make would be conclusive of the question or binding upon the New Jersey court having jurisdiction over the county in which the lot is located. See, generally, Kessler *v.* Kessler, 3 Pa. C. C. Reps. 522; Martin's Estate, 1 Dist. R. 167, and 40 Cyc., 1385, where the rule is well stated.

The petition is dismissed for lack of jurisdiction to determine the question raised, and without prejudice to the rights of any party in interest.